**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**Civil Division**

VALERIE ABBOTT, Individually, and on behalf
of those similarly situated,                                   Civil Action No.:

      Plaintiff,

  vs.

CORNERSTONE FITNESS WATERFRONT,
LLC d/b/a CRUNCH WATERFRONT; NEW
EVOLUTION VENTURES, LLC; CRUNCH,
LLC; and CRUNCH FITNESS
INTERNATIONAL, INC.,

      Defendants.

## CLASS ACTION COMPLAINT

AND NOW, comes the Plaintiff, Valerie Abbott, Individually and on behalf of those similarly situated, by and through her undersigned counsel, D. Aaron Rihn, Esquire, Robert F. Daley, Esquire, and the law firm of Robert Peirce & Associates, P.C., and claims damages of the Defendants, Cornerstone Fitness Waterfront, LLC d/b/a Crunch Waterfront, New Evolution Ventures, LLC, Crunch, LLC, and Crunch Fitness International, Inc., and in support thereof, avers as follows:

## INTRODUCTION

1.     This is a class action on behalf of Members of the fitness center operated under the name of Crunch Waterfront and owned, managed and controlled by Cornerstone Fitness Waterfront, LLC to recover damages and other relief arising from Defendants' violations of the Pennsylvania Health Club Act ("HCA"), 73 Pa. Cons. Stat. 2162, *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. 201-2, *et seq.*

1

2.      This is also a class action on behalf of members of the fitness centers operated under the name of Crunch and/or Crunch Fitness owned, managed, and controlled by New Evolution Ventures, LLC, Crunch, LLC, and Crunch Fitness International, Inc. to recover damages and other relief arising from Defendants' violations of the other states' Health Club Act and Consumer Fraud Acts covering the conduct of Crunch Fitness within their territorial boundaries.

3.      Defendants have violated the Health Club Act and Consumer Fraud Acts by using Membership Agreements that unlawfully purport to renew automatically and perpetually in the absence of any contemporaneous affirmative election by the Member. Defendants have further violated the Health Club Act and Consumer Fraud Acts by unilaterally changing the membership type in the absence of any contemporaneous affirmative election by the Member. Such provisions and conduct violate the Health Club Act and Consumer Fraud Acts.


## JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1332.

5.      Venue lies in this district pursuant to 28 U.S.C. § 1391(a).


## PARTIES

6.      Plaintiff Valerie Abbott is an adult individual residing at 608 Greer Street, Pittsburgh, Allegheny County, Pennsylvania 15217. Plaintiff purchased a Base Membership at Crunch Waterfront on or about January 30, 2014.

7.      Defendant Cornerstone Fitness Waterfront, LLC is a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania, located at 340 East Waterfront Drive, Homestead, Allegheny County, Pennsylvania 15120.

8.      Defendant Cornerstone Fitness Waterfront, LLC owns and operates Crunch Waterfront health club, offering a wide range of physical fitness services, including the use of exercise and weight training equipment and recreational space, as well as training and assistance in many different forms of fitness.

9.      Defendant Cornerstone Fitness Waterfront, LLC and its business entity Crunch Waterfront will collectively be referred to as "Crunch Waterfront" throughout the remainder of this Complaint.

10.      Defendant New Evolution Ventures, LLC is a limited liability corporation organized and existing under the laws of Delaware with a principal place of business located at 3595 Mt. Diablo Boulevard, #300, Lafayette, Contra Costa County, California 94549.

11.      Defendant New Evolution Ventures, LLC is a private equity firm focused on the acquisition, development and operations management of fitness, health and wellness interests both domestically and internationally.

12.      Defendant New Evolution Ventures, LLC purchased Crunch Fitness in 2009 following a voluntary Chapter 11 Bankruptcy filing by Crunch Fitness.

13.      Defendant Crunch, LLC is a limited liability corporation organized and existing under the laws of Delaware with a principal place of business located at 22 West 19th Street, New York, New York County, New York 10011.

14.       Defendant Crunch, LLC owns and operates a number of health clubs throughout the United States, Canada, and Australia, offering a wide range of physical fitness services,

including the use of exercise and weight training equipment and recreational space, as well as training and assistance in many different forms of fitness.

15.     Defendant Crunch Fitness International, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business located at 88 University Place, New York, New York County, New York 10003.

16.     Defendant Crunch Fitness International, Inc. owns and operates a number of health clubs throughout the United States offering a wide range of physical fitness services, including the use of exercise and weight training equipment and recreational space, as well as training and assistance in many different forms of fitness.

17.     Defendants New Evolution Ventures, LLC, Crunch, LLC, and Crunch Fitness International, Inc. will collectively be referred to as "Crunch Fitness" hereinafter.

## CLASS ACTION ALLEGATIONS

18.     This action is brought as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following classes:

a.  All Pennsylvania citizens who entered into Membership Agreements with Defendant Crunch Waterfront containing the terms described herein; and,

b.  All persons in the United States of America who entered into a Membership Agreement with Defendants substantially similar to Plaintiff Abbott's Agreement.

19.     The Membership Agreement is a preprinted form agreement that Defendants use in standard form, without substantial or material alteration, with all of their customers. As such, the material terms relevant to this action are, upon information and belief, substantially identical in the contracts signed by the named Plaintiff and by all members of the Plaintiff Class.

4

20. The Plaintiff Class is believed to include thousands of members and is, therefore, so numerous that joinder of all members would be impracticable. The precise number of class members and the identity of each member, can be readily determined from Defendants' own records.

21. There are questions of law and fact common to all members of the Plaintiff Class and such common questions will predominate in the disposition of this action. Among the common questions of law and/or facts are whether Defendants violated the Health Club Act and Consumer Fraud Acts by using contracts with an ostensible automatic renewal clause that purport to effect perpetual contract renewals without any affirmative acceptance of renewal by the buyer at the expiration of each contract term, and if so, whether Plaintiff and Plaintiff Class are entitled to recover damages and other remedies.

22. The claims of the Plaintiff Class Representative are identical to, or at least typical of, the claims of the remaining Plaintiff Class members.

23. The Plaintiff Class Representative will fairly and adequately assert and protect the interests of the Plaintiff Class. In particular: (1) the undersigned attorneys will vigorously and adequately represent the interests of the Plaintiff Class, (2) the Class Representative has no conflict of interest in maintaining a class action, and (3) the Class Representative has adequate financial resources to assure that the interests of the Plaintiff Class will not be harmed.

24. A class action will provide a fair and efficient method for adjudication of the controversy set forth herein. In particular, with respect to Plaintiff's claims for monetary recovery: (1) common questions of law and fact will predominate over particular questions affecting only individual Plaintiff Class Members, (2) management of the action as a class action will not create any special difficulties, whereas the filing of multiple individual claims would

dramatically and needlessly overburden the court system, (3) the prosecution of separate actions by individual Class Members would create a risk of either inconsistent adjudications or the disposition or impairment of the interests of others similarly situated, (4) the Representative Plaintiff is unaware of any similar litigation against these Defendants raising the claims to be adjudicated in this action, (5) this forum is appropriate and well-equipped to handle the claims of the entire class, and (6) the amounts likely to be recovered by individual Class Members are adequate to justify the expense and effort of administering the claims as a class action. Further, to the extent this Court determines that equitable relief is warranted, Defendants have acted on grounds applicable generally to the class as a whole, thereby making final equitable relief appropriate with respect to the class as a whole.

## GENERAL ALLEGATIONS

### A.    Defendants' Membership Agreement Contracts

25.    Defendants require individuals who seek membership to enter into a contract that is embodied within a document entitled "Membership Agreement" (hereinafter "Agreement").

26.    The Agreement is a standard form document that Defendants drafted and the same document is used for every Health Club Member.

27.    Plaintiff, and the Plaintiff Class, purchased health club memberships from Defendants pursuant to Defendants' preprinted form Agreement.

28.    Specifically, in their Agreement, Defendants represented, warranted and agreed that the Member's monthly dues will not be increased without 30-days prior notice to the Member.

29.     Defendants also represented, warranted, and agreed that the Members' membership type only could be changed by the Members by way of buying a new membership at the standard price and cancelling the previous membership.

30.     Defendants enter into Membership Agreements such as the Agreement that Defendant Crunch Waterfront entered into with Plaintiff Abbott with hundreds, and probably thousands, of individuals.

**B.      Plaintiff Abbott's Membership Agreement**

31.     On or about January 30, 2014, Ms. Abbott signed a Membership Agreement with Cornerstone Fitness Waterfront, LLC d/b/a Crunch Waterfront (hereinafter "Crunch Waterfront"). (Abbott Agreement attached hereto as Exhibit A).

32.     Ms. Abbott's Membership Agreement had no expiration date.

33.     In approximately March 2018, Ms. Abbott became aware that the Defendant Crunch Waterfront unilaterally upgraded the Member's Base Plus membership to the All-Inclusive Peak Plus membership without prior notice or consent.

34.     Defendant Crunch Waterfront was automatically charging new membership fees at the rate of $19.95 for the All-Inclusive Peak Plus, as opposed to the $9.95 monthly base membership fee.

35.     As a result of the above practices, Plaintiff and Class Members were improperly charged membership fees greater than the contractually agreed-upon membership fee.

**COUNT I**

**Plaintiff v. All Defendants**

**VIOLATION OF THE HEALTH CLUB ACT**

36.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

**A.     73 Pa. Cons. Stat. 2162 *et seq.***

37.     Plaintiff and all those similarly situated in the Commonwealth of Pennsylvania are "buyers" as defined by the Pennsylvania Health Club Act ("HCA").

38.     Defendants operate "health clubs" as defined by the HCA.

39.     The Membership Agreements used by Defendants are "health club contracts" as defined by the HCA.

40.     Section 2164(b) of the HCA ("Duration of Contract") provides, in relevant part, as follows:

> (a)     TERM. The maximum term of a health club contract shall be 36 months.
>
> (b)     RENEWAL. No health club contract may contain an automatic renewal clause, unless the contract provides for a renewal option for continued membership which ***must be affirmatively accepted by the buyer at the expiration of each contract term.***

73  Pa. Cons. Stat. § 2164(b) (emphasis added).

41.     Defendants' Membership Agreements contain ostensible automatic renewal provisions that purport to renew in the absence of affirmative acceptance by the Health Club Member at the expiration of each contract term, in violation of § 2164(b) of the HCA.

42.     Although Ms. Abbott's Membership Agreement had no expiration date, Defendants continued to collect monthly fees from Plaintiff for years well after the thirty-six-month maximum term and despite never obtaining affirmative acceptance of the continuation by the Plaintiff at the expiration of the original thirty-six-month period.

43.     Section 2175 of the HCA ("Offenses defined") provides that a violation of the HCA "shall constitute" a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Laws ("UTPCPL") and "and shall be subject to the enforcement provisions and private rights of action contained in that act."

44.     Plaintiff and those similarly situated have suffered an ascertainable loss of money or property as a result of Defendants' use or employment of Membership Agreements and practices in violation of the HCA and the UTPCPL.

45.     Plaintiff and those similarly situated have suffered damages as a direct and proximate result of Defendants' conduct.

46.     Plaintiff and those similarly situated are entitled to recover all actual damages proximately caused by Defendants' conduct, together with treble damages calculated thereon. 73 Pa. Cons. Stat. § 201-9.2

47.     Plaintiff is entitled to recover her costs and attorneys' fees incurred herein. 73 Pa. Cons. Stat. § 201-9.2.

48.     Plaintiff and those similarly situated are further entitled to permanent injunctive relief to enjoin Defendants from using any contract in violation of the HCA and collecting any further fees under a purported automatic renewal.

**B.      The Other States**

49.     The experience of Crunch Fitness members in Pennsylvania is consistent with, and reflective of, the experience of Crunch Fitness members in other states, and such other states maintain substantially similar Health Club Act covering the conduct of Crunch Fitness within their territorial boundaries.

50.    At all relevant times, Crunch Fitness members were protected under the state Health Club Act of the various states, and the variations thereof, which established a statutory health club consumer protective scheme to enforce contracts and prevent unfair and unlawful consumer practices aimed at health club members and prospective members.

51.    These statutes include, but are not limited to, the Pennsylvania Health Club Services Act, 73 P.S. 2162, *et seq.*; the New Jersey Health Club Services Act, N.J.S.A. 56:8-39; the Florida Buying Services Act of 1991, Fla. Stat. § 559.3901*, et seq.*; the New York Health Club Services Act; McKinney's General Business Law § 620; and the Illinois Physical Fitness Services Act, 815 ILCS 645/1, *el. seq.*

52.    As a direct result of the Defendants' conduct, Plaintiff and Members of the Plaintiff Class have suffered in violation of the various Health Club Acts.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Honorable Court to enter judgment in her favor and each Member of the Class and against Defendants and to award damages in an amount to be determined at trial, together with treble damages calculated thereon, all in excess of the jurisdictional amount, plus interest thereon, costs, interest, and attorneys' fees herein.

## COUNT II

### Plaintiff v. All Defendants

### UNFAIR TRADE PRACTICES and CONSUMER PROTECTION LAW

**A.**    **73 Pa. Cons. Stat. 201-2 *et seq.***

53.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

54.    Plaintiff and the Defendants are "persons," as defined by §201-2(2) of the Unfair Trade Law.

55.    The Unfair Trade Law declares unlawful and prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce ... directly or indirectly affecting the people of this Commonwealth." 73 Pa. Cons. Stat. §§ 201-2(3), 201-3.

56.    Section 201-2(4) of the Unfair Trade Law defines "unfair or deceptive acts or practices" to include the following conduct:

(xvii).   Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

57.    As described herein, the Defendants are engaged in a "trade or commerce ... directly or indirectly affecting the people of this Commonwealth." 73 Pa. Cons. Stat. §§ 201-2(3), 201-3.

58.    As described herein, the Defendants' conduct falls within the aforementioned definitions of "unfair or deceptive acts or practices." 73 Pa. Cons. Stat. § 201-2(4).

59.    As described herein, the Defendants' conduct was "unfair."

60.    As described herein, the Defendants' conduct was "deceptive."

61.    As described herein, the actions of the Defendants violate the applicable provisions of the Health Club Act.

62.    Specifically, the Defendants' contracts did not conform to the requirements of the Health Club Act and are voidable.

63.    Despite the fact that the contracts are voidable, and despite attempts by Plaintiff and Members of the Class to seek refunds for the increased membership fees, Defendants continue to collect the upgraded membership fees from Plaintiff and Members of the Class.

64.    Plaintiff avers that the Defendants violated the applicable provisions of the Health Club Act and, therefore, violated the relevant provisions of the Unfair Trade Law.

65.    Section 15 of the Health Club Act states that "[a] violation of [the Health Club Act] shall constitute a violation of the act ... known as the [Unfair Trade Law] and shall be subject to the enforcement provisions and private right of actions contained in that act." 73 Pa. Cons. Stat. § 2175(a).

66.    Section 201-9.2(a) of the Unfair Trade Law authorizes a private cause of action for any person "who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [the Unfair Trade Law]."

67.    Plaintiff, on behalf of the members of the Class, is entitled to recover the membership fees.

68.    Defendants continue to collect from members after they notified the Defendants of their request for refund of membership dues.

**B.    The Other States**

69.    The experience of Crunch Fitness and Crunch Waterfront Members in Pennsylvania is consistent with, and reflective of, the experience of Crunch Fitness members in other states, and such other states maintain substantially similar Unfair Trade Practices and Consumer Protection Laws covering the conduct of Crunch Fitness within their territorial boundaries.

70.    The unfair and deceptive trade acts and practices of the Defendants have directly, foreseeably, and proximately caused damages and injury to the Plaintiff herein and to the other Members of the Class in amounts yet to be determined.

71.     The actions and failures of the Defendants, including the intentional failure to recognize and observe the terms and rights of the Crunch Fitness and Crunch Waterfront membership contracts and requiring members to pay additional money without notice and consent, constitutes acts, uses or the employment by the Defendants of unconscionable commercial practices, deception, fraud, misrepresentations, or the knowing, concealment, suppression or omission of material facts with the intent that other rely upon such concealment, suppression or omission, in violation of the various state consumer protection, consumer fraud and unfair and deceptive practices laws.

72.     In fact, Defendants' acts, actions, activities, representations and omissions constitute violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1; the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (encompassing the unlawful practices prohibited under N.J.S.A. 56:8-46); the Texas Deceptive Trade Practices and Consumer Protection Act, V.T.C.A. Bus. & C. § 17.50; the District of Columbia Unlawful Trade Practices Law, D.C. Stat. § 28-3904; the Michigan Consumer Protection Act, M.C.L.A. § 445.911, *et seq.*; the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 01.204, *et seq.*; the New York Deceptive Practices Act; McKinney's General Business Law, § 349, *et seq.*; the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; and similar such consumer protection and trade practices acts throughout the United States.

73.     By reason of the Defendants' unlawful conduct in violation of the various state consumer protection statutes, the Plaintiff and the other Members of the Class have suffered ascertainable losses of money in amounts yet to be determined.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Honorable Court to enter judgment in her favor and each Member of the Class and against Defendants and to award damages in an amount to be determined at trial, together with treble damages calculated thereon, all in excess of the jurisdictional amount, plus interest thereon, costs, interest, and attorneys' fees herein.

**COUNT III**

**Plaintiff v. All Defendants**

**<u>BREACH OF CONTRACT</u>**

74.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

75.    In entering into Membership Agreements with their members, Defendants agreed to provide various rights, benefits, and privileges of membership.

76.    Plaintiff, and other members of the Class, agreed, in return, to pay the required membership fees and to abide by the rules and policies of Crunch Waterfront and Crunch Fitness.

77.    Plaintiff, and other members of the Class, performed their promises under the Membership Agreements, but the Defendants have failed to do so.

78.    Defendants specifically breached their Membership Agreements by increasing membership dues without notice and consent of the members by unilaterally changing members' membership type.

79.    As a direct and proximate result thereof, Plaintiff and other Members of the Class have been damaged and continue to be damaged to this day.

14

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Honorable Court to enter judgment in her favor and each Member of the Class and against Defendants and to award damages in an amount to be determined at trial, all in excess of the jurisdictional amount, plus interest thereon, costs, interest, and attorneys' fees herein.

**COUNT IV**

**Plaintiff v. All Defendants**

**<u>UNJUST ENRICHMENT</u>**

80.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

81.     The unfair and deceptive trade acts and practices of the Defendants and their breaches of the Membership Agreement, have directly, foreseeably, and proximately caused damages and injuries to the Plaintiff and to other Members of the Class in amounts yet to be determined.

82.     By failing to perform under the Membership Agreements, to extend those contracts, and by failing to pay reimbursements and refunds as required by law, Defendants have retained Plaintiff's and Class Members' money and/or have otherwise profited under the contracts.

83.     Specifically, Defendants have been unjustly enriched through the unilateral upgrading of membership contracts and by the receipt of such profits from money rightfully belonging to the Plaintiff and other Members of the Class, and Members of the Class have been deprived of the use of those funds.

15

84.     Accordingly, a constructive trust should be imposed on all monies wrongfully retained by the Defendants, received and held by it, paid to it or otherwise credited to the Plaintiff and other Class Members, for whom contract rights and privileges have been breached.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Honorable Court to enter judgment in her favor and each Member of the Class and against Defendants and to award damages in an amount to be determined at trial, all in excess of the jurisdictional amount, plus interest thereon, costs, interest, and attorneys' fees herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the other Members of the Class, prays for judgment as follows:

a.     A Declaration that Defendants have violated the applicable provisions of the Health Club Act and the Unfair Trade Laws;

b.     An Order designating this action as a class action pursuant to Federal Rules of Civil Procedure 23(c).;

c.     An Order appointing Plaintiff and her counsel to represent the Class;

d.     An Order enjoining Defendants from any further violations of the Health Club Act sand the Unfair Trade Laws;

e.     An Order granting injunctive relief, including (but not limited to) changes to Defendants' unlawful and unfair business practices;

f.     Actual damages;

g.     Statutory damages;

h.     Treble damages;

i.     All attorneys' fees and costs; and,

j.     Such other relief as the Honorable Court shall deem just and appropriate.

16

**JURY TRIAL IS DEMANDED.**

Respectfully submitted,

By:*/s/ D. Aaron Rihn*
        D. AARON RIHN, ESQUIRE
        Pa. ID No.: 85752
        ROBERT F. DALEY, ESQUIRE
        Pa. ID No.: 81992
        ROBERT PEIRCE & ASSOCIATES, P.C.
        707 Grant Street
        Suite 2500
        Pittsburgh, PA 15219
        Tel: (412) 281-7229
        Fax: (412) 281-4229\
        Email: arihn@peircelaw.com
               bdaley@peircelaw.com

        *Counsel for Plaintiff*